IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00793-REB-BNB

RALPH S. GAMBINA,

Plaintiff,

v.

WARDEN ROBERT A. HOOD,
REGIONAL DIRECTOR G.L. HERSHBERGER, and
HARRELL WATTS, National Appeals,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Motion for Temporary Restraining Order**

(the "Motion"), filed May 16, 2005.[1]  For the following reasons, I respectfully RECOMMEND

that the Motion be DENIED.

The plaintiff is incarcerated by the Bureau of Prisons ("BOP") at the United States

Penitentiary, Administrative Maximum in Florence, Colorado ("ADX").  He is proceeding *pro se.*

Therefore, I must liberally construe his pleadings.  Haines v. Kerner, 104 U.S. 519, 520-21

(1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the

fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991).

The plaintiff seeks a temporary restraining order pursuant to Rule 65(b) of the Federal

Rules of Civil Procedure.  Rule 65(b) provides that no temporary restraining order shall be

_____

[1]The Motion was referred to me on September 15, 2005.

granted without notice to the adverse party unless "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). The plaintiff has failed to meet this burden.

The Motion requests relief as follows:

> Plaintiff Ralph Gambina, pursuant to Rule 65, FRCP, requests the Court to grant him a temporary restraining order/preliminary injunction directing Defendants to transfer Plaintiff from the Florence ADX Penitentiary because of Death Contracts by Arian Brotherhood, Mexican Mafia Prison gangs and for Defendants to stop their continued punishment of Plaintiff for an offense that Plaintiff has been punished for over & over again . . .

These allegations do not demonstrate immediate and irreparable injury to the plaintiff. However, the verified Complaint alleges that the defendants are forcing the plaintiff to participate in the prison's "Step-down Program," and that by placing him in the program, they are knowingly placing him in contact with Aryan Brotherhood and Mexican Mafia gang members. The Complaint further alleges that both the Aryan Brotherhood and the Mexican Mafia have a "death contract" on the plaintiff and that the gangs' members are bound to kill the plaintiff or they will suffer death themselves. The allegations of the Complaint are sufficient to demonstrate the existence of an immediate and irreparable threat of injury to the plaintiff. Consequently, I set the matter for hearing.

I held the hearing on September 28, 2005.[2]  The plaintiff testified that he currently resides

on the "E Unit" at ADX, and has been on the E Unit for approximately two years.  He further

testified that he is not at risk of being attacked by Aryan Brotherhood or Mexican Mafia gang

members while on the E Unit, and that there is no imminent risk to his health or safety on the E

Unit.  Based on the plaintiff's testimony alone, I find that he is not in danger of immediate and

irreparable injury.

The Assistant United States Attorney appeared on behalf of the BOP.[3]  The BOP's

evidence establishes that (1) the plaintiff is housed in a cell by himself; (2) he is separated from

any other inmates during all recreation periods allowed; and (3) he does not have any contact with

other inmates.  In addition, a BOP witness testified that the BOP is aware of the threats from the

Aryan Brotherhood and the Mexican Mafia, and it takes precautions for the plaintiff's safety in

view of those threats.  The evidence presented by the BOP reinforces my finding that the plaintiff

is not in any danger of immediate and irreparable injury.

I respectfully RECOMMEND that the Motion for Temporary Restraining Order be

DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific,

---

[2]The matter was initially set for September 22, 2005.  The plaintiff was to appear by video. However, the Court was unable to achieve video contact with ADX, and the matter was reset to September 28, 2005.

[3]On September 19, 2005, I determined that the defendants had not been properly served with the Summons and Complaint.  Consequently, I ordered the United States Marshal to personally serve the defendants.  The record reflects that, as of the date of the hearing, service had not yet been accomplished.

written objections.  A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In</u>

<u>re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated September 30, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge