IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00793-REB-BNB

RALPH S. GAMBINA,

Plaintiff,

v.

WARDEN ROBERT A. HOOD,
REGIONAL DIRECTOR G.L. HERSHBERGER, and
HARRELL WATTS, National Appeals,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss** (the "Motion"), filed

November 22, 2005.  For the following reasons, I respectfully RECOMMEND that the Motion be

GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se.*  Therefore, I must liberally construe his pleadings.

Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant,

however, who must comply with the fundamental requirements of the Federal Rules of Civil

Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff is incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint (the "Complaint") on May 16, 2005. The Complaint alleges that the defendants individually and in concert violated the plaintiff's Constitutional rights when they punished him for an offense for which he was acquitted; imposed excessive sanctions against him; and subjected him to punishment without notice or an opportunity to be heard.

## III.  ANALYSIS

The defendants assert that the Complaint must be dismissed because the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff's claims challenge prison conditions, they are governed by the PLRA. 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking

2

injunctive relief, monetary damages, or both.  Booth v. Churner, 532 U.S. 731 (2001).  The

Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other

exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id.

at 741 n.6.

The Tenth Circuit Court of Appeals reiterated in Steele v. Federal Bureau of Prisons, 335

F.3d 1204 (10th Cir. 2003), the importance of the exhaustion requirement:

> The administrative review by correction officials is intended to reduce the quantity
> and improve the quality of prisoner suits.  It should correct problems in
> meritorious cases, filter out some frivolous claims, and, in any event, facilitate
> adjudication by clarifying the contours of the controversy.
>
> Under the plain statutory language and the Supreme Court case
> law, the substantive meaning of § 1997e(a) is clear: resort to a
> prison grievance process must precede resort to a court.

Id. at 1207 (citations and internal quotations omitted).

Section "1997e(a) gives prisons and their officials a valuable entitlement--the right *not* to

face a decision on the merits."  Id. at 1212-13 (emphasis in original) (citations and internal

quotations omitted).  Thus, the plaintiff may not bring this action unless he has exhausted all of

the administrative remedies available to him through the BOP.

Under the BOP grievance procedures, an inmate must first attempt an informal resolution.

If unable to resolve his complaint, an inmate may then submit a request to the Warden.  If

dissatisfied with the Warden's response, the inmate may appeal his complaint to the appropriate

Regional Director.  If dissatisfied with the Regional Director's response, the inmate may appeal to

the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C.

*Motion*, Exhibit A, ¶ 5.[1]

On November 3, 2002, the plaintiff filed an Informal Resolution wherein he states "I have just completed nearly 11-years in segregation for something I was found not-guilty of in Federal Court.  I've done every day of the total segregation time and now I'm told I have to go through the Punitive Step-down program?  Why?"  The plaintiff further states that he was told by Warden Hurley that he would be returned to general population if he did not cause problems.  A Correctional Counselor responded to the plaintiff's Informal Resolution by stating that the plaintiff would be placed in an ADX General Population Unit as soon as the space was available. *Plaintiff* [sic] *Response to Defendants* [sic] *Motion to Dismiss*, Exhibit 1.

The plaintiff filed a formal grievance to the Warden on November 12, 2002.  The grievance states:

> After completing my full term ADX Program I was released from that program[.]  I was told by Warden Harley if I completed that program I would be transferred to another facility[.]  According to BOP Policy Manual PS 5100.07 Chapter 10.6, when an inmate complete[s] ADX Program at Florence he is to be transferred to another facility[.]  Many inmates who have completed the same program . . . have been transferred to other facilities[.]  Why have I been singled out to remain here at Florence and to be subjected to this facility's Punitive Step-down program?

Id. at Exhibit 2.

---

[1]In deciding a Rule 12(b)(6) motion to dismiss for failure to exhaust, "the court may determine from the complaint, as supplemented by administrative documents or a declaration, that a prisoner has failed to exhaust his prison remedies and may dismiss the action pursuant to Rule 12(b)(6)." Steele, 335 F.3d at 1212.

The Warden responded that the North Central Regional Office determined that the plaintiff was appropriate for placement in the ADX General Population based on his history of planning escapes and actual escape attempts.  The Warden advised the plaintiff that he had to complete all phases of the Step-Down Program in order to be considered for transfer.  Id. at Exhibit 3.

The plaintiff appealed the Warden's response to the Regional Director.  The appeal states that the plaintiff's placement in the Step-Down Program is in retaliation for winning his federal court case.  The appeal further states that the Warden promised the plaintiff that he would be transferred upon successful completion of the Control Unit term; the majority of inmates who complete the Control Unit term are transferred in accordance with BOP policy; the BOP is putting the plaintiff in harm's way by placing him in a program with gang members "whom I have separation from"; and the continuation of segregation and punishment is causing the plaintiff mental distress.  Id. at Exhibit 4.

The Regional Director responded by reiterating that the plaintiff's approval for placement in the ADX General Population Unit was based on his satisfactory adjustment while being housed in the Control Unit; his continued placement at ADX is appropriate due to his history of planning and attempting escapes; and that he will be considered for transfer after he successfully completes the Step-Down Program.  Id. at Exhibit 5.

The plaintiff appealed the Regional Director's response to the Administrator of National Inmate Appeals.  In his appeal, he again asserts that he is entitled to a transfer; the BOP is retaliating against him; the BOP is putting him in a program with gang members; and that continued segregation is causing him mental harm.  In addition, he asserts that his placement in

the Step-Down Program constitutes double jeopardy.  Id. at Exhibit 6.  The Administrator of

National Inmate Appeals, Harrell Watts, provided that same response as the Warden and the

Regional Director.  Id. at Exhibit 7.

The plaintiff is suing Mr. Watts solely for denying his appeal.  *Complaint*, pp. 6, 10, 13-

14.  The plaintiff's grievances do not address Watts and, therefore, do not alert prison officials to

the nature of the wrongful behavior he now alleges.  Indeed, the allegations in the grievances are

premised on an entirely different legal theory against entirely different prison officials.

Consequently, the plaintiff has not exhausted his administrative remedies as to defendant Watts.

In addition, the plaintiff's allegations regarding retaliation, double jeopardy, and failure to

protect him from gang members are asserted in his appeals to the Regional Director and the

Administrator of National Inmate Appeals.  They are not asserted in his Informal Resolution or in

his grievance to the Warden.  Any allegations which could arguably be construed to support a

claim of denial of equal protection rights are made solely in his grievance to the Warden and his

appeal to the Regional Director.  Consequently, the plaintiff has not exhausted his allegations

regarding retaliation, double jeopardy, equal protection, or failure to protect him from gang

members.  The plaintiff has exhausted only his complaint regarding failure to transfer him after

completion of the Control Unit term.

The plaintiff has failed to establish that he exhausted all of the claims he brings in this

court.  Therefore, the Amended Complaint must be dismissed without prejudice:

> [T]he policies underlying the PLRA point toward a requirement of
> total exhaustion.  In the PLRA context, a total exhaustion rule
> would encourage prisoners to make full use of inmate grievance
> procedures and thus give prison officials the first opportunity to
> resolve prisoner complaints.  It would facilitate the creation of an

administrative record that would ultimately assist federal courts in addressing the prisoner's claims.  Moreover, it would relieve district courts of the duty to determine whether certain exhausted claims are severable from other unexhausted claims that they are required to dismiss.  Prisoners suing under § 1983, no less than habeas petitioners, can be expected to adhere to this straightforward exhaustion requirement.  Finally, the total exhaustion rule will not increase the burden on federal courts, but will instead tend to avoid at least some piecemeal litigation.

The policies of the PLRA thus strongly support a reading of that statute that requires inmates to exhaust fully all of their claims before filing in federal court.  If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.

Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004) (citations omitted).[2]

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

---

[2]Because I find that the Complaint must be dismissed for failure to exhaust, I do not reach the defendants' remaining arguments.

by the district court or for appellate review.   <u>United States v. One Parcel of Real Property</u>, 73

F.3d 1057, 1060 (10th Cir. 1996).

     Dated June 12, 2006.

                            BY THE COURT:

                             s/ Boyd N. Boland_____
                            United States Magistrate Judge